```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

CONSTEEL ERECTORS, INC.,        )
                                )
                Plaintiff,      )         4:08CV3038
                                )
        v.                      )
                                )
SCHARPF'S CONSTRUCTION, INC.,   )         MEMORANDUM AND ORDER
KRAUS-ANDERSON CONSTRUCTION     )
COMPANY, JAMES SCHARPF, JASON   )
RUSNAK, MENARDS, INC., and      )
TRAVELERS CASUALTY AND SURETY   )
COMPANY OF AMERICA,             )
                                )
                Defendants.     )
                                )
```

Plaintiff has filed an amended motion for default judgment against defendants Scharpf's Construction, Inc. and James Scharpf. No response to the motion has been filed. The motion is accompanied by evidence showing service upon James Scharpf by certified mail, return receipt requested, by virtue of what appears to be his signature on the return receipt.

Before the court can enter a judgment, however, it must determine whether it has jurisdiction to do so. As pointed out in my memorandum and order of May 8, 2008, there is some question in this particular case about whether the notice of removal is sufficient to confer removal jurisdiction in this court. The notice of removal was signed by only counsel for the defendants other than James Scharpf and Scharpf Contruction, Inc. It included the following: "The attorneys for Kraus-Anderson [Construction Company], [Jason] Rusnak, Menards [Inc.], and Travelers [Casualty and Surety Company of America] have consulted with the attorney for defendants Scharpf's Construction, Inc. and James Scharpf and all Defendants consent to the removal of this

Action." Filing 1.  I concluded that while the statement that "all Defendants consent to the removal of this Action" may be sufficient for purposes of effecting a removal, it was "not a sufficient basis on which to base a default."  Filing 20.

Removal jurisdiction must be strictly construed, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir.1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir.1988). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D.Tex.1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934).  The burden of establishing federal jurisdiction is on the party seeking removal.  *Frank*, 128 F.3d at 921-22; *Willy*, 855 F.2d at 1164.

As I pointed out in my previous memorandum, the Eighth Circuit requires that there be "some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant 'has actually consented' to the removal." *Pritchett v. Cottrell, Inc.*, 512 F. 3d 1057, 1062 (8th Cir. 2008), *citing Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756 n.6 (8th Cir. 2001).  While each defendant needn't sign the notice of removal itself, there must be something "written" indicating its consent to the removal.  *Id.*  In this case that "writing" was the statement by the other defendants' attorney that the Scharpf defendants "consent" to the removal.  It is time to put that statement to the test, for if the statement was inaccurate or not authorized by the Scharpf defendants, the

removal was improper and this court has no jurisdiction to enter judgment.

    IT THEREFORE HEREBY IS ORDERED,

    The parties are given until June 23, 2008 to file briefs and evidence establishing this court's removal jurisdiction in this case, in the absence of which, the matter may be remanded to the state district court whence it was removed.

    DATED June 2, 2008.

                                        BY THE COURT:

                                        s/ *David L. Piester*
                                        David L. Piester
                                        United States Magistrate Judge