IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CONSTEEL ERECTORS, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3038 |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM** |
| SCHARPF'S CONSTRUCTION, Inc., KRAUS-ANDERSON CONSTRUCTION, Company, JAMES SCHARPF, JASON RUSNAK, MENARDS, Inc., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) ) ) ) ) ) ) | **AND ORDER** |
| Defendants. | ) | |

Pursuant to my earlier order, the Clerk has entered a default under Federal Rule of Civil Procedure 55(a) against Scharpf's Construction, Inc. and James Scharpf. (*See* filings 35 and 40.)   On August 20, 2008, and pursuant to another order (filing 38), counsel for the plaintiff and counsel for the non-defaulting defendants appeared before me to determine whether a default judgment should be entered. *See* Fed. R. Civil P. 55(b)(2).  Despite the fact that notice was served upon them by mail on July 9, 2008 (*see* Clerk's text entry to filing 38), there was no appearance by Scharpf's Construction, Inc. and James Scharpf.

I took judicial notice of the plaintiff's evidence (filing 45) and the evidence of the non-defaulting defendants (filing 49) subject to the plaintiff's motion to strike and objections (filing 50).  I then concluded the hearing regarding the entry of default judgment against Scharpf's Construction, Inc. and James Scharpf.

I decided that the plaintiff and the non-defaulting defendants should be given an opportunity to brief any matter they care to raise including, but not limited to, the following:

(a) Whether I should stay further consideration of the damage question pending resolution of this case regarding the non-defaulting defendants as suggested by the Court of Appeals in *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Company*, 978 F.2d 430, 433 (8th Cir. 1992) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved.").

(b) Whether I should grant in whole or in part the plaintiff's motion to strike and objections (filing 50) regarding the non-defaulting defendants' evidence.

Therefore,

IT IS ORDERED that:

1. The plaintiff and the non-defaulting defendants shall submit their initial briefs on or before the close of business on September 4, 2008.

2. The plaintiff and the non-defaulting defendants may submit reply briefs on or before the close of business on September 18, 2008.

3. My chambers shall this case to my attention on September 19, 2008.

August 20, 2008.                    BY THE COURT:
                                    s/Richard G. Kopf
                                    United States District Judge