IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CONSTEEL ERECTORS, INC., | ) | 4:08CV3038 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| SCHARPF'S CONSTRUCTION, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a motion for partial summary judgment filed by four of the defendants, Kraus-Anderson Construction Company ("Kraus-Anderson"), Jason Rusnak ("Rusnak"), Menards, Inc. ("Menards"),[1] and Travelers Casualty and Surety Company of America (Travelers"),[2] on a claim that the plaintiff, ConSteel Erectors, Inc. ("ConSteel"), "has wrongfully overstated the amount of its construction lien in violation of NEB. REV. STAT. § 52-157 (Reissue 2004)." (Filing 67, p. 1.)  The defendants "pray for an order declaring ConSteel's lien void and/or an order awarding Defendants their damages, including attorney fees incurred in defending ConSteel's wrongfully overstated construction lien." (*Id.*, p. 2.)

---

[1] It appears from the notice of removal and subsequent filings that Menards' actual corporate name is Menard, Inc.

[2] The other two named defendants, Scharpf's Construction, Inc. ("Scharpf's Construction"), and James Scharpf, have failed to plead or otherwise defend, and are in default.  The court has ordered that judgment shall be entered at the conclusion of the case in favor of ConSteel and against Scharpf's Construction and James Scharpf in the amount of $285,138.44, plus 12% interest since December 6, 2007.  *See* Memorandum and Order entered on October 10, 2008 (filing 72).  The amount of ConSteel's construction lien is $266,705.46.

The defendant's brief states that the motion for partial summary judgment is filed with reference to a first amended counterclaim (filing 33) that was filed by Kraus-Anderson and Menards on June 20, 2008.  Rusnak and Travelers are not parties to that counterclaim, even though they have joined in the motion for partial summary judgment.  To further confuse matters, on September 25, 2008, just 6 days before filing the pending motion for partial summary judgment, Kraus-Anderson and Menards filed a motion for leave to amend their counterclaim (filing 64) to add a negligence count.  Leave was granted by Magistrate Judge Piester on October 9, 2008, and a second amended counterclaim (filing 74) was filed the next day.  While I could deny the motion for partial summary judgment as moot, I will treat the motion as if it had been filed subsequent to the second amended counterclaim, since ConSteel responded to the motion after that pleading was filed.  I also construe the motion as only pertaining to the "first cause of action" (¶¶ 1-12) alleged in the second amended counterclaim, in which Kraus-Anderson and Menards claim that ConSteel "recorded its lien in bad faith, overstated the amount for which it is entitled to a lien and/or has refused to execute a release of the lien."  (Filing 74, ¶ 11.)

ConSteel has filed a motion to strike (filing 76) three of the exhibits filed by the defendants in support of the motion for partial summary judgment: (1) Exhibit 5 (filing 69-6), a mechanic's lien filed by Remcon, Inc. ("Remcon"); (2) Exhibit 6 (filing 69-7), a release of the Remcon lien; and (3) Exhibit 14 (filing 69-15), a September 4, 2008, settlement letter from defense counsel, on behalf of Kraus-Anderson, to plaintiff's counsel.  ConSteel objects to Exhibits 5 and 6 on grounds of relevancy because "Remcon did not provide any portion of the services, equipment, or materials for which ConSteel is seeking recovery[,] ConSteel never agreed to pay Remcon directly or for work that Remcon performed[, and] ConSteel never agreed to reduce the amounts it is owed based upon any work performed by Remcon."  (Exhibit 15, Affidavit of Jeff Messbarger, ¶ 29 (filing 78-2, p. 6).)  The defendants contend that Remcon "was a subcontractor of Scharpf's Construction which was hired to assist ConSteel in an attempt to complete ConSteel's scope of work."  (Exhibit 1, Affidavit of Thomas Roepke, ¶ 11 (filing 69-2, p. 3).)  Because Exhibits 5 and 6 are

relevant to the defendants' version of the facts, ConSteel's objections will be overruled.  ConSteel also objects that Exhibit 14 is irrelevant, and that it is hearsay and a privileged settlement communication.  The defendants rely on the settlement letter to show that "ConSteel was given an opportunity to execute a partial release of its construction lien."  (Defendants' Brief, Uncontroverted Facts ¶ 24 (filing 68, p. 6).)  While the letter contains hearsay and statements that are inadmissible under Federal Rule of Evidence 408(a), I will consider Exhibit 14 for the limited purpose of showing that ConSteel was on notice of Kraus-Anderson's claim that ConSteel had overstated the amount of its construction lien, and that the letter included a "request that ConSteel execute a partial release of lien/bond[.]" (Exhibit 14 (filing 69-15), p. 3.)  ConSteel's motion to strike thus will be denied.[3]

The Nebraska statute that provides the basis for the defendants' counterclaim states, in part:

> If in bad faith a claimant records a lien, overstates the amount for which he or she is entitled to a lien, or refuses to execute a release of a lien, the court may:
>
> (a) Declare his or her lien void; and
>
> (b) Award damages to the owner or any other person injured thereby.

Neb.Rev.Stat. § 52-157(2) (WESTLAW through 2008 regular legislative session).  Damages awarded under this section may include the costs of correcting the record and reasonable attorney's fees.  Neb.Rev.Stat. § 52-157(3).

---

[3] I note that a previously filed motion to strike (filing 61) that should have been ruled upon in the court's Memorandum and Order entered on October 10, 2008, was not, or at least not expressly.  To correct for that oversight, I will now deny the motion, which sought to exclude evidence of an assignment of claims by Scharpf's Construction to Kraus-Anderson and Menards (filing 59) that was filed in opposition to another motion to strike evidence (filing 50).  I considered the assignment of claims before granting that motion to strike.

Upon careful consideration of the parties' briefs and affidavits, and viewing the evidence in the light most favorable to the nonmoving party, I find that the defendants' motion for partial summary judgment should be denied because there are genuine issues of material fact concerning the validity of the construction lien.[4]

Accordingly,

IT IS ORDERED that:

1.    Plaintiff's motion to strike (filing 61) Defendants' index of evidence filed on September 4, 2008 (filing 59) is denied.

2.    Plaintiff's motion to strike (filing 76) Exhibits 5, 6, and 14 from Defendants' index of evidence filed September 25, 2008 (filing 69), is denied.

3.    Defendants' motion for partial summary judgment (filing 67) is denied.

December 9, 2008.                    BY THE COURT:

                                     *s/Richard G. Kopf*
                                     United States District Judge

---

[4] In an effort to resolve this matter expeditiously, I have elected not to discuss my findings in detail. *See* Civil Justice Delay and Expense Reduction Plan, ¶ 12 (U.S.Dist.Ct., D.Neb., Nov. 1993) ("When motions for summary judgment are considered by a district judge and are denied on the ground that a genuine issue of material fact exists for trial, the court will issue a short opinion so stating, rather than a lengthy opinion canvassing the materials on file in support of or opposition to the motion.").