IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CONSTEEL ERECTORS, INC., | ) | 4:08CV3038 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| SCHARPF'S CONSTRUCTION, INC.; | ) | |
| KRAUS-ANDERSON | ) | |
| CONSTRUCTION COMPANY; | ) | |
| JAMES SCHARPF; JASON RUSNAK; | ) | |
| MENARDS, INC.; and TRAVELERS | ) | |
| CASUALTY AND SURETY | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a motion for default judgment filed by the defendant and crossclaimant Kraus-Anderson Construction Company against the defendant Scharpf's Construction, Inc. (Filing 81.) The motion will be denied for the reason that Scharpf's has not been properly served with a copy of Kraus-Anderson's crossclaim.

The record shows that Scharpf's was served with a summons by the plaintiff, Consteel Erectors, Inc., on February 8, 2008, prior to the removal of this action to federal court, on February 29, 2008. (Filing 21, pp. 4-5.) On March 7, 2008, Kraus-Anderson filed an answer to the complaint,[1] a counterclaim against ConSteel,[2] and a

---

[1] The answer was also filed on behalf of the defendants Jason Rusnak, Menard, Inc. ("Menards"), and Travelers Casualty and Surety Company of America.

[2] The counterclaim was filed jointly with Menards.

crossclaim against Sharpf's.[3] (Filing 11.) A copy of this pleading was sent by first-class mail to Fran Henkels, as Scharpf's attorney.[4] An "amended counterclaim and cross-claim" and also a "second amended counterclaim and cross-claim" were filed on June 20, 2008, and October 10, 2008, respectively; copies of both pleadings again were mailed to attorney Henkels. (Filings 33, 74.)

Kraus-Anderson has not requested the clerk to enter a default under Federal Rule of Civil Procedure 55(a), but presumably is relying upon the default that was entered on July 10, 2008 (filing 40), at the direction of the court after ConSteel filed an amended motion for default judgment, *see* Memorandum and Order entered on July 1, 2008 (filing 35). Just because Scharpf's was in default for failing to defend against ConSteel's complaint, however, does not mean that it is also in default for failing to respond to Kraus-Anderson's crossclaim. Scharpf's was not obligated to answer the crossclaim until it was served. See Fed.R.Civ.P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or crossclaim."). "If the party against whom a default judgment is sought has incurred no obligation under the Federal Rules of Civil Procedure to 'plead or otherwise defend' the action, the district court does not abuse its discretion in refusing to grant such relief. In fact, the converse is true." *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003).

Service by mail is appropriate once a party has entered an appearance. *See* Fed.R.Civ.P. 5(b)(2)(C). Scharpf's has never entered an appearance in this action, however, so Federal Rule of Civil Procedure 5(a)(2) applies. It states:

---

[3] A separate crossclaim was filed by Menards against Scharpf's.

[4] Although Mr. Henkels is not an attorney of record in this case, James Scharpf, the president and owner of Scharpf's Construction, Inc., states in an affidavit dated June 11, 2008, that he retained Mr. Henkels to act both as his personal attorney and as attorney for the corporation. (Filing 30-2.)

> No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

Fed.R.Civ.P. 5(a)(2). Because Kraus-Anderson's crossclaim is "a pleading that asserts a new claim for relief," Kraus-Anderson could not simply mail the pleading to Scharpf's (or its attorney), but instead was required to serve the pleading in the manner provided by Federal Rule of Civil Procedure 4 for service of summons. *See* Charles Alan Wright & Arthur R. Miller, 4B *Federal Practice and Procedure* Civ.3d § 1144 (Westlaw 2008) ("[A]lthough a party in default for failure to appear is not entitled to receive a copy of any paper in the action, he is entitled to receive a pleading asserting a new or additional claim for relief against him, but it must be served upon him pursuant to Rule 4 as if it were original process."); *Lopez v. NTI, LLC*, 2008 WL 5120542, *3 (D.Md. Dec. 4, 2008) (Rule 5(a)(2) requires that an amended pleading that adds a new claim be served (and not merely mailed) on a party in default); *Cutting v. Town of Allenstown*, 936 F.2d 18, 21 n. 1 (1st Cir. 1991) (clerk's entry of default not required; defendants who were served with summons and did not appear and answer within prescribed time were "parties in default" for Rule 5(a) purposes).

Even though Scharpf's is "in default" for purposes of Rule 5(a) by failing to appear and answer ConSteel's complaint, a default should not be entered against Scharpf's under Rule 55(a) for failing to plead to or otherwise defend against a crossclaim that was not properly served. *See Delaware River Tow, LLC v. Nelson*, 382 F.Supp.2d 710, 717 (E.D.Pa. 2005) (denying motion for default judgment on crossclaim that was only served by mail on non-appearing defendant, even though plaintiff had obtained default judgment against that defendant). The court realizes that Scharpf's has not opposed the motion for default judgment, which was served on attorney Henkels by mail (filing 81, at 4), and also that James Scharpf, as the president and owner of Scharpf's Construction, Inc., on June 11, 2008, signed a "joint motion" that provided for the entry of a consent judgment in favor of Kraus-

Anderson and against Scharpf's in the amount of $465,783.94, plus unspecified attorney fees and costs, plus indemnification for any damages that might be awarded to ConSteel against Kraus-Anderson (filing 54),[5] but the entry of default judgment in this case still would be an abuse of discretion. *See Norsyn*, *supra* (default judgment could not be entered against foreign defendants who were not properly served, even though they received summonses and copies of the complaint and removed the action from state court to federal court); Fed.R.Civ.P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).").[6] Kraus-Anderson's motion for default judgment therefore will be denied without prejudice to refiling.

Even if a default had been entered against Scharpf's on Kraus-Anderson's crossclaim, a default judgment could not be entered for the amount requested in the pending motion, $767,745.02. This is because Kraus-Anderson has only demanded $465,783.94 in the crossclaim.[7] Federal Rule of Civil Procedure 54(c) specifies that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleading." Fed.R.Civ.P. 54(c). "A judgment in a default case that awards relief that either is more than or different in kind from that requested

---

[5] The joint motion for entry of consent judgment was denied because the law does not allow a corporation to proceed pro se and Scharpf's had not otherwise entered an appearance in the action. *See* Memorandum and Order entered on October 10, 2008 (filing 72, at 11-12).

[6] The court will not enter a default judgment in this case until all outstanding claims, counterclaims, and cross-claims have been resolved. *See* Memorandum and Order entered on October 10, 2008 (granting ConSteel's amended motion for default judgment, but delaying entry of judgment) (filing 72); Fed.R.Civ.P. 54(b) (express finding that there is no just reason for delay is required before a district court may enter final judgment as to fewer than all claims or parties).

[7] It is also unclear whether the motion for default judgment was intended to dispose of the entire crossclaim, or only the first count for breach of contract.

originally is null and void." 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* Civ.3d, § 2663 (Westlaw 2008).

Accordingly,

IT IS ORDERED that Kraus-Anderson's motion for default judgment (filing 81) is denied without prejudice.

January 16, 2009.           BY THE COURT:

                            *s/Richard G. Kopf*
                            United States District Judge